UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DANIELLE STRAUCH, <br> LISA STRAUCH, <br><br> Plaintiffs, <br><br> v. <br><br><br><br><br><br> NORTHWEST HEALTH-LAPORTE, et al., <br><br> Defendants. | Case No. 3:21-CV-00174 <br><br> *Consolidated with and filed in* <br><br> Case No. 3:21-CV-00173 |

**OPINION AND ORDER**

Plaintiffs Danielle and Lisa Strauch filed a complaint against Defendant Northwest Health-LaPorte and several of its employees after Northwest Health's staff released the Plaintiffs' medical information to the father of Danielle Strauch's child without the Plaintiffs' permission. As a result of this release of information, Plaintiffs allege the torts of negligence and public disclosure of private facts and imply a violation of the Health Insurance Portability and Accountability Act ("HIPAA"). Defendants moved to dismiss the Plaintiffs' complaint in its entirety. As there is no private cause of action under the HIPAA, the Court grants Defendants' motion to dismiss with respect to that claim to the extent the complaint raises it. As the only other claims in the case are claims arising solely under Indiana law, and because the parties are not diverse, the Court finds that it lacks subject matter jurisdiction over the other claims and dismisses the remaining claims without prejudice.

**I.     Factual and Procedural Background**

1

Plaintiffs Danielle and Lisa Strauch are former patients of Defendant Northwest Health-LaPorte ("Northwest") and allege that, as a result of that relationship, Northwest possessed a variety of medical records pertaining to both Plaintiffs (DE 8 at 2-3). In September 2019, as part of a paternity custody dispute between Danielle Strauch and Darren McLane, the father of Danielle's minor child, Mr. McLane's counsel sent Non-Party Discovery Requests and subpoenas to Northwest seeking Danielle's medical and mental health records. (DE 8 at 3.)

Plaintiffs allege that in response to that request Northwest released both Danielle and Lisa Strauch's personal health information to Mr. McLane (DE 8 at 3), despite Danielle's refusal to sign release forms for her medical records (DE 8-3). Plaintiffs allege that Northwest released this information without their authorization and that they suffered damages as a result (DE 8 at 4).

Plaintiffs first filed a complaint in Indiana state court alleging violations of HIPAA, 45 C.F.R. § 164.508. (DE 2.) Defendants then removed the case to this Court, arguing there was a federal question presented by the suit under HIPAA. (DE 1.) After the Defendants filed a motion to dismiss (DE 6) for failure to state a claim, the Plaintiffs filed an amended complaint (DE 8) pursuant to Federal Rule of Civil Procedure 15(a)(1)(B). The amended complaint itself alleges the torts of negligence and public disclosure of private facts, but the complaint also contains attached Notice of Tort Claim exhibits that allege violations of HIPAA. (DE 8.) Defendants have now filed a motion to dismiss the Plaintiffs' amended complaint in its entirety for failure to state a claim. (DE 9.)

**II.     Discussion**

**1.      Plaintiff's HIPAA Claim**

2

Plaintiffs' amended complaint appears to assert a claim for violations of HIPAA. While the text of the amended complaint does not mention HIPAA, there are two Notice of Tort Claim documents attached to the Plaintiffs' amended complaint. (DE 8; DE 8-2; DE 8-3.) These exhibits are copies of documents that Plaintiffs sent to the Defendants, likely to comply with the requirements of the Indiana Tort Claims Act. (DE 12 at 2.) The exhibits make several references to HIPAA violations, including stating that the requests sent by Mr. McLane to Northwest were not "accompanied by a properly executed HIPAA authorization" and that "by releasing the personal health information of [Plaintiffs] without complying with the requirements of 45 C.F.R. § 164.508, [Defendants], . . . committed a breach." (DE 8-2 ¶ 7, 10.)

While "[a] copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes," Fed. R. Civ. P. 10(c), the "plaintiff's purpose in attaching an exhibit to his complaint determines what assertions if any in the exhibit are . . . incorporated into the complaint." *Manning v. Sweitzer*, 891 F.Supp.2d. 961, 964 (N.D. Ill. 2012) (quoting *Guzell v. Hiller,* 223 F.3d 518, 519 (7th Cir. 2004)). Plaintiffs give no clear explanation for the attachment of these exhibits. While Plaintiffs ostensibly attached these documents merely to demonstrate their compliance with the Indiana Tort Claims Act, Ind. Code § 34-13-3-1 *et seq.*[1] and not to raise a HIPAA claim (DE 12 at 2–3), Plaintiffs' amended complaint states that the "Notice of Tort Claim" documents are "attached hereto and made a part hereof of th[e] Amended Complaint . . ." (DE 8 at 5.) A complaint is deemed to include documents incorporated in it by reference. *Bankcard America, Inc. v. Universal Bancard Systems, Inc.*, 904 F.Supp. 753, 757 (N.D. Ill.

---

[1] The purpose of the Indiana Tort Claims Act is to provide a municipal corporation with advanced notice of a tort claim that will be filed against a government entity, including hospitals. The Plaintiff must inform the political subdivision with a reasonable certainty of the time, place, cause, and nature of the accident and the general nature and extent of the injuries so that the municipal corporation may investigate all of the facts pertaining to its liability and prepare its defense. 21 Ind. Law Encyc. Municipal Corporations § 286. The Court gives no opinion regarding the sufficiency of Plaintiffs' compliance with the Indiana Tort Claims Act.

1995). Here, the amended complaint expressly incorporates the Notices of Tort Claim contained in Exhibits 2 and 3 of the amended complaint, both of which allege violations of HIPAA by the Defendants.

Thus, to the extent that Plaintiffs' amended complaint does assert a claim for HIPAA violations, the claim is dismissed with prejudice because HIPAA does not furnish a private right of action. *Carpenter v. Phillips*, 419 Fed. Appx. 658, 659 (7th Cir. May 4, 2011); *see also Doe v. Board of Trustees of University of Illinois,* 429 F.Supp.2d 930 (N.D. Ill. 2006) ("Every court to have considered the issue . . . has concluded that HIPAA does not authorize a private right of action.").

**2.    The Court Lacks Subject Matter Jurisdiction to Decide this Case**

The only other causes of action in the amended complaint are two state tort claims: negligence and public disclosure of private information. (DE 8 at 4; DE 12 at 2). Although neither party raised the issue of jurisdiction, the Court must continuously police its own subject matter jurisdiction, *Hay v. Ind. State Bd. Of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002), and must dismiss an action if it finds subject matter jurisdiction lacking, Fed R. Civ. P. 12(h)(3). In order for a federal district court to exercise jurisdiction over a case, the case must either "aris[e] under the Constitution, laws, or treaties of the United States," 28 U.S.C.§ 1331, or be a case in which the amount in "controversy exceeds the sum or value of $75,000" and "is between . . . citizens of different states." 28 U.S.C. § 1332.

There are no questions arising under federal law in this case, only questions arising under state law. Additionally, no diversity exists in this case, as all parties are Indiana citizens. (DE 8 at 2.) As such, the Court lacks jurisdiction to decide the Plaintiffs' claims and dismisses them without prejudice. Plaintiffs are free to re-file their claims in Indiana state court.

**III.     Conclusion**

For the foregoing reasons, the Court GRANTS the Defendants' motion to dismiss (DE 9) with respect to Plaintiffs' claim for a violation of HIPAA and further DISMISSES the remainder of the complaint without prejudice for lack of subject matter jurisdiction.

SO ORDERED.

ENTERED: November 22, 2021

                                                    /s/ JON E. DEGUILIO
                                            Chief Judge
                                            United States District Court